Overton, J.
 

 delivered the following statement of the case and opinion of-the Court: —
 

 The subject of this dispute arises from mutual accounts existing between the parties. The defendants brought suit in the County Court, and obtained judgment in January, 1808, from which there was an appeal to the Circuit Court where the judgment of the County Court was affirmed.
 

 After this affirmance the bill was filed. The object of the bill is for discovery and relief in relation to various items of an account against the defendants for merchandise and cash. Some of these items are admitted by the answers and others are proved.
 

 It appears that the defendants built and repaired houses for the firm of Stothart and Bell on Main Street, about the years 1802 and 1808; that in payment for this building and repairing, merchandise and cash were advanced to the defendants amounting to one thousand eight hundred and fifty-two dollars and ninety-two and a half cents, and that the work of the defendants amounted to one thousand five hundred and twenty nine dollars.
 

 Before any attempt to adjust the accounts by the parties the defendants undertook to build another house for Robert Stothart, one of the parties, in his individual capacity; but before it was completed the parties differed respecting the manner in which the work was executed. Arbitrators were
 
 *319
 
 called in to value the work, so far as it was performed, who estimated it at nine hundred and ninety-one dollars and eight and a half cents. The complainant refused to pay this amount, alleging it was too high. At this period there is no evidence of an effort on either side to adjust their accounts. The defendants brought suit in the County Court and obtained judgment for the full amount allowed by the arbitrators; an appeal was taken to the Circuit Court, where on another trial the judgment of the County Court was affirmed with twelve and a half per cent. At the time of both these trials, the complainant states that he was necessarily absent in Louisiana attending his lead mines, and that had proper credits been allowed him the verdict would have been in his favor.
 

 The defendant Raymond admits, in his answer to the original bill, the account of which exhibit (A.) is a copy, with this difference, that the account furnished was in the name of Stothart- and Bell. Bell states in his-testimony that during the copartnership he told Stothart thát he should have his interest in these accounts; and as nothing was said about them in his settlement with Raymond in March, 1811, he was then of opinion, as he was before, that the defendants understood the balance of the account of Stothart and Bell against them was to go to the credit of Stothart.
 

 These circumstances have had such weight with the Court that it feels itself bound to consider this balance as a payment of so much for building Stothart’s house. The defendants, by long acquiescence after the reception of a copy of exhibit (A.) have furnished evidence that they so considered it themselves. There is no proof that they required Bell’s assent to this transaction. Stothart has proved other accounts amounting to $ 622.92. Besides these sums, the Court is of opinion the complainant should have credit for $77, the expense of repairing the gutters and other work not done in a workmanlike manner. The injury complained of respecting the damage done the walls from the leaking of the gutters, cannot be taken into consideration, being matter of damage for the consideration of a jury, and not of account which is proper for this Court. The amount of the defendant’s account, as proved, is $ 1,529. The Court is sensible that many articles in this account appear extravagant; but, as persons who are acquainted with the carpenter’s trade nearly all agree in stating that these prices were common at the time the work was done, it seems proper to take the account as proved. Hence the account stand thus : —'
 

 Amount of Stothart’s credits, furnished in the name of Stothart and Bell, $1,929 92J
 

 Amount of different credits for work done for S. and B., 1,529 00
 

 Balance due Stothart and Bell, $400 92J
 

 This balance deducted from the amount of the arbitration $ 991.08J,
 
 *320
 
 leaves a balance of $590.16; which sum, instead of $ 1,081.08^, ought to have been the judgment in the County Court. Under all the circumstances of this case, the Courtis of opinion that this balance of $ 590.16 should carry interest at the rate of 6 per.cent from the time of the judgment in the County Court until this time, being five years and seven months, producing an aggregate sum of $770.07^-; for which, together with all costs at law, as well as here, a decree must pass in favor of the defendants.
 

 Whiteside
 
 and
 
 Hayes,
 
 for the complainant.
 

 Trimble
 
 and
 
 Goohe,
 
 for the defendants.
 

 One ground taken by the defendants’ counsel was that, agreeably to the case stated in the bill, this Court had no jurisdiction of the matter, because the complainant has shown no reason why he did not defend at law.
 
 [1]
 
 Two trials had taken place at law; and the only reason why the complainant ■did not obtain justice there, was that he was voluntarily absent in Louisiana attending his lead mines. If the subject of this bill were purely legal, the ¡reasoning would be correct. But this is a complicated account, and in ¡matters of account equity had jurisdiction originally. In all such cases, though trials at law may have taken place, if the parties come to a final hearing on bill, answer, &c., we are constrained, on principles of equity, to afford the complainant relief where his case merits it. To dismiss his bill would outrage all sense of justice and public utility.
 

 [1]
 

 Okiginal Note. — Hardin’s Rep. 123 ; 2 Eq. Ca. Abr. 524; 3 Call, 531 ; Hardin’s Rep. 607 ; 1 Eon. Eq. 157, 161 (note G); 1 Wash. 185. — Rep.